

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

_____

*970 Broad Street, 7th floor*      973-645-2700
*Newark, New Jersey 07102*

December 2, 2020

Linda Dale Hoffa
Lawrence G. McMichael
Dilworth Paxson LLP
1500 Market Street
Suite 3500E
Philadelphia, PA 19102

      Re:  <u>Plea Agreement with GEORGE HECKLER</u>

Dear Ms. Hoffa and Mr. McMichael:

    This letter sets forth the plea agreement between your client, GEORGE HECKLER, and the United States Attorney for the District of New Jersey ("this Office").  This offer will expire if it is not accepted in writing by December 4, 2020.

<u>Charge</u>

    Conditioned on the understandings specified below, this Office will accept a guilty plea from HECKLER to a one-count Information that charges HECKLER with securities fraud in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5.  If HECKLER enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against HECKLER for the securities fraud scheme related to Cassatt Short Term Trading Fund, LP ("Cassatt"), CV Special Opportunity Fund, LP ("CVSOF"), TA1, LLC ("TA1"), and related entities between in or around 2014 to in or around 2018.  However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, HECKLER agrees that any charges that are not time-barred by the applicable statute of limitations on the date this agreement is

signed by HECKLER may be commenced against him, notwithstanding the expiration of the limitations period after HECKLER signs the agreement.

Sentencing

The violation of Title 15, United States Code, Sections 78j(b) and 78ff to which HECKLER agrees to plead guilty carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to $5 million. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon HECKLER is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence HECKLER ultimately will receive.

Further, in addition to imposing any other penalty on HECKLER, the sentencing judge: (1) will order HECKLER to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order HECKLER to pay restitution pursuant to 18 U.S.C. §§ 3663 *et seq.*; (3) may order HECKLER, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; and (4) pursuant to 18 U.S.C. § 3583, may require HECKLER to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should HECKLER be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, HECKLER may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, HECKLER agrees to make full restitution for all losses resulting from the offense of conviction to the victim investors.

Rights of This Office Regarding Sentencing

      Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on HECKLER by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise.  In addition, this Office may inform the sentencing judge and the United States Probation Office of:  (1) this agreement; and (2) the full nature and extent of HECKLER's activities and relevant conduct with respect to this case.

Immigration Consequences

      HECKLER understands that, if he is not a citizen of the United States, his guilty plea to the charged offense may result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization.  HECKLER understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities.  HECKLER wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States.  HECKLER understands that he is bound by his guilty plea regardless of any immigration consequences of the plea.  Accordingly, HECKLER waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Stipulations

      This Office and HECKLER agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which is hereby made a part of this plea agreement.  This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties.  To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.  Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement.  Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such

stipulation. A determination that any stipulation is not binding shall not release either this Office or HECKLER from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and HECKLER waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

As part of his acceptance of responsibility, and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), HECKLER agrees to forfeit to the United States all of his right, title, and interest in any property, real or personal, which constitutes or is derived from proceeds the defendant obtained that are traceable to the offense charged in the Information. HECKLER further agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to but not greater than the value of the proceeds obtained by the defendant (the "Money Judgment"). The defendant consents to the entry of an order requiring the defendant to pay the Money Judgment, in the manner described below (the "Order"), and that the Order will be final as to the defendant prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating the defendant's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102 . The defendant further agrees that upon entry of the Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

HECKLER waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  The defendant understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.  The defendant waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.  It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

HECKLER further agrees that not later than the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office.  If HECKLER fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that HECKLER has intentionally failed to disclose assets on his Financial Disclosure Statement, HECKLER agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

<u>Other Provisions</u>

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities.  However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against HECKLER.  This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service or the Securities and Exchange Commission), or any third party from initiating or prosecuting any civil or administrative proceeding against HECKLER.

No provision of this agreement shall preclude HECKLER from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that HECKLER received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

      This agreement constitutes the plea agreement between HECKLER and this Office and supersedes any previous agreements between them.  No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

      Very truly yours,

      CRAIG CARPENITO
      United States Attorney

      /s/ Catherine R. Murphy

By:  CATHERINE R. MURPHY
      ANDREW MACURDY
      Assistant U.S. Attorneys


APPROVED:

_____
COURTNEY A. HOWARD
Chief, Economic Crimes Unit

I have received this letter from my attorney, Linda Dale Hoffa, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____           Date: DEC 7, 2020
GEORGE HECKLER

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____           Date: 12-7-2020
LINDA DALE HOFFA, ESQ.

Plea Agreement With GEORGE HECKLER

Schedule A

1.      This Office and GEORGE HECKLER recognize that the United States Sentencing Guidelines are not binding upon the Court.  This Office and HECKLER nevertheless agree to the stipulations set forth herein.

2.      The version of the United States Sentencing Guidelines effective November 1, 2018, applies in this case.

3.      The applicable guideline is U.S.S.G. § 2B1.1.  This guideline carries a Base Offense Level of 7.

4.      For purposes of calculating loss under the United States Sentencing Guidelines, the loss involved in the offense was more than $9.5 million but less than $25 million.  See U.S.S.G. § 2B1.1(b)(1)(K).  This results in an increase of 20 levels.

5.      U.S.S.G. § 3B1.3 applies because HECKLER abused a position of private trust in a manner that significantly facilitated the commission or concealment of the offense.  This results in an increase of 2 levels.

6.      The Adjusted Base Offense Level is therefore 29.

7.      As of the date of this letter, HECKLER has demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if HECKLER's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

8.      As of the date of this letter, it is expected that HECKLER will assist authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently.  At sentencing, this Office will move for a further 1-point reduction in HECKLER's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) HECKLER enters a plea pursuant to this agreement, (b) this Office in its discretion determines that HECKLER's acceptance of responsibility has continued through the date of sentencing and HECKLER therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) HECKLER's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

9. In accordance with the above, the parties agree that the total Guidelines offense level applicable to HECKLER will be 26 (the "agreed total Guidelines offense level").

10. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. However, the parties further agree that HECKLER reserves the right to seek a variance pursuant to 18 U.S.C. § 3553(a), and that this Office reserves the right to oppose such a request.

11. HECKLER knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including, but not limited to, any appeal under 18 U.S.C. § 3742 or a motion under 18 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 26. This Office will not file any appeal, motions or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 26. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

12. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motions not barred by the preceding paragraph.